**JUDGE CROTTY**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
NORIYUKI KOBAYASHI,

              Plaintiff,

      v.

FOOD SCOPE NY, LLC, FOOD SCOPE
AMERICA, INC., and KOICHI YOKOYAMA
in his official and individual capacities,

              Defendants.
------------------------------------------------------------x

Civil Action No.: 11 CIV 8865

**COMPLAINT**

**JURY TRIAL DEMANDED**

Plaintiff Noriyuki Kobayashi ("Plaintiff" or "Mr. Kobayashi"), by and through his undersigned counsel, Thompson Wigdor LLP, as and for his Complaint in this action against Defendants Food Scope NY, LLC, Food Scope America, Inc. (collectively, the "Corporate Defendants"), and Koichi Yokoyama (all together, "Defendants"), hereby alleges as follows:

## NATURE OF THE CLAIMS

1.     This is an action for declaratory, injunctive and equitable relief, as well as monetary damages, to redress Defendants' unlawful employment practices towards Mr. Kobayashi, including their discriminatory and/or retaliatory treatment of Mr. Kobayashi in violation of the Americans with Disabilities Act, as amended, 42 U.S.C. §§ 12101 *et seq.* ("ADA"), the New York State Human Rights Law, New York Executive Law §§ 290 *et seq.* ("NYSHRL"), the New York City Human Rights Law, New York Administrative Code §§ 8-101 *et seq.* ("NYCHRL"), and the Family Medical Leave Act, 29 U.S.C. §§ 2601 *et seq.* ("FMLA").

## JURISDICTION AND VENUE

2. The Court has jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1343 as this action involves federal questions regarding the deprivation of Plaintiff's civil rights under the ADA and FMLA. The Court has supplemental jurisdiction over Plaintiff's related claims arising under state and local law pursuant to 28 U.S.C. § 1367(a).

3. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b) because, upon information and belief, all Defendants reside in the State of New York, and the Corporate Defendants reside in this judicial district. Additionally, a substantial part of the events or omissions giving rise to this action occurred in this district.

## PROCEDURAL REQUIREMENTS

4. On or about August 5, 2011, Mr. Kobayashi filed a Charge of Discrimination against the Corporate Defendants with the Equal Employment Opportunity Commission ("EEOC") alleging violations of the ADA.

5. On or about October 27, 2011, the EEOC mailed a Notice of Right to Sue ("Notice") to Mr. Kobayashi, which he received on or about October 31, 2011. This action was commenced within 90 days of Mr. Kobayashi's receipt of the Notice.

6. Pursuant to NYCHRL § 8-502, Mr. Kobayashi will serve a copy of this Complaint upon the New York City Commission on Human Rights and the New York City Law Department, Office of the Corporation Counsel, within ten days of its filing, thereby satisfying the notice requirements of that section.

## PARTIES

7. Plaintiff Noriyuki Kobayashi, a former employee of Defendants, is a resident of the State of New York who was diagnosed with appendix cancer in or around April 2011. At all relevant times, Mr. Kobayashi met the definition of an "employee" under all applicable statutes.

8. Defendant Food Scope NY, LLC ("FSNY") is a New York limited liability company that maintains its principal place of business at 62 Thomas Street, New York, New York. FSNY owns and operates a Japanese restaurant located at 62 Thomas Street, New York, New York ("Megu New York") and another Japanese restaurant located at 845 United Nations Plaza, New York, New York ("Megu Midtown"). At all relevant times, FSNY met the definition of an "employer" under all applicable statutes, and was subject to the ADA and FMLA.

9. Defendant Food Scope America, Inc. ("FSA") is a New York corporation that maintains its principal place of business at 62 Thomas Street, New York, New York. FSA is the parent company of FSNY. FSNY is a wholly owned subsidiary of FSA. At all relevant times, FSA met the definition of an "employer" under all applicable statutes, and was subject to the ADA and FMLA.

10. At all relevant times, the Corporate Defendants operated as a single, integrated enterprise, a single employer, or as joint employers. For example, the Corporate Defendants operate from the same offices and the President/Manager of FSNY is also the President/General Manager of FSA. Further, FSA, by and through its President, exercises authority over the terms and conditions of FSNY's employees. In particular, the President of FSA altered the terms of Mr. Kobayashi's employment with FSNY by demoting him, reducing his salary, and terminating him. Due to the foregoing, the Corporate Defendants have an interrelation of operations,

centralized control over labor relations, common management and common ownership. As such, they are jointly and severally liable for the unlawful conduct alleged herein.

11. Defendant Koichi Yokoyama ("Yokoyama") is the President/General Manger of FSA and the President/Manager of FSNY. Upon information and belief, he is a resident of the State of New York. At all relevant times, Yokoyama directly participated in and/or aided and abetted the unlawful conduct as alleged herein.

## FACTUAL ALLEGATIONS

12. For the past twenty years, Mr. Kobayashi has worked in the restaurant industry. In or around March 2006, Defendants hired Mr. Kobayashi to work as a Sushi Chef at Megu New York. While working at Megu New York, Mr. Kobayashi's work performance was, at the very least, satisfactory.

13. Approximately one year later, Mr. Kobayashi was asked to relocate to Megu Midtown. Mr. Kobayashi accepted his transfer with grace. While working at Megu Midtown, Mr. Kobayashi's work performance was, at the very least, satisfactory.

14. After working at Megu Midtown for approximately three and one-half years, Mr. Kobayashi was asked again to relocate. This time, he was asked to return to Megu New York. As he had previously, he willingly accepted this transfer with grace.

15. At or around the time he returned to Megu New York, Mr. Kobayashi was promoted to the position of Head Sushi Chef. While working at Megu New York for the second time, Mr. Kobayashi's work performance was, at the very least, satisfactory.

16. Approximately six months later, in or around April 2011, Mr. Kobayashi experienced abdominal pain and, thereafter, sought treatment from a doctor.

17. Mr. Kobayashi's abdominal condition was thought to be appendicitis by his doctor and he immediately underwent an emergency appendectomy. A few days after his surgery, Mr. Kobayashi was diagnosed with appendix cancer. Appendicitis is a symptom of appendix cancer.

18. After Mr. Kobayashi was diagnosed with cancer, he informed Yokoyama, in or around mid-April 2011 of this diagnosis. He also requested, and was given, approximately one month off from work to recuperate from the surgery to remove his cancerous appendix.

19. While he was recuperating, Mr. Kobayashi also informed Yokoyama that he would need time off again to undergo a second surgery in early-May 2011 to remove part of his colon in connection with his cancer treatment. However, in early-May 2001, the second surgery was rescheduled to late-June 2011 and Mr. Kobayashi informed Yokoyama of the change at that time.

20. On or about May 19, 2011, Mr. Kobayashi returned to work at Megu New York. Incredibly, approximately four days later, Defendants demoted him from the position of Head Sushi Chef to Sushi Chef. Defendants also reduced his salary by approximately 33%. Defendants took these actions against Mr. Kobayashi approximately one month after he had informed Yokoyama that he had cancer and requested time off from work to recuperate from surgery.

21. After five years of service, on or about May 30, 2011, Mr. Kobayashi was fired by Yokoyama. Defendants took this action against Mr. Kobayashi approximately one month after he had informed Yokoyama that he had cancer and requested time off from work to recuperate from surgery. This was prior to his second surgery, which Yokoyama knew was scheduled for late-June, 2011.

22. After he was terminated, Mr. Kobayashi underwent surgery to have one-third of his colon removed and learned that the cancer had spread to his lymph nodes. He is currently undergoing chemotherapy.

23. At all relevant times, as a result of the surgery to remove his cancerous appendix, Mr. Kobayashi was substantially limited, as compared to most people in the general population, in his ability to sleep, stand, walk, and work. In addition, Mr. Kobayashi was substantially limited in the major life activity of normal cell growth.

## FIRST CLAIM FOR RELIEF
### (Discrimination in Violation of ADA)

24. Plaintiff hereby repeats and realleges each and every allegation in paragraphs 1 through 23, inclusive, as if fully set forth herein.

25. The Corporate Defendants discriminated against Plaintiff because of his disability and/or because the Corporate Defendants regarded him as disabled and/or because Plaintiff had a record of disability, in violation of the ADA, by denying him equal terms and conditions of employment, including, but not limited to, demoting him, reducing his salary, and terminating his employment.

26. As a direct and proximate result of the unlawful discriminatory conduct in violation of the ADA, Plaintiff has suffered and continues to suffer monetary and/or other economic harm for which he is entitled to an award of monetary damages and other relief.

27. As a direct and proximate result of the unlawful discriminatory conduct in violation of the ADA, Plaintiff has suffered and continues to suffer severe mental anguish and emotional distress, including, but not limited to, depression, humiliation, embarrassment, stress and anxiety, loss of self-esteem and self-confidence, and emotional pain and suffering for which he is entitled to an award of monetary damages and other relief.

28. The Corporate Defendants' unlawful discriminatory conduct constitutes a knowing, malicious, willful and wanton violation of the ADA for which Plaintiff is entitled to an award of punitive damages.

## SECOND CLAIM FOR RELIEF
### (Retaliation in Violation of the ADA)

29. Plaintiff hereby repeats and realleges each and every allegation in paragraphs 1 through 28, inclusive, as if fully set forth herein.

30. The Corporate Defendants retaliated against Plaintiff in violation of the ADA because he requested a reasonable accommodation, by demoting him, reducing his salary, and terminating his employment.

31. As a direct and proximate result of the unlawful retaliatory conduct in violation of the ADA, Plaintiff has suffered and continues to suffer monetary and/or other economic harm for which he is entitled to an award of monetary damages and other relief.

32. As a direct and proximate result of the unlawful retaliatory conduct in violation of the ADA, Plaintiff has suffered and continues to suffer severe mental anguish and emotional distress, including, but not limited to, depression, humiliation, embarrassment, stress and anxiety, loss of self-esteem and self-confidence, and emotional pain and suffering for which he is entitled to an award of monetary damages and other relief.

33. The Corporate Defendants' unlawful retaliatory conduct constitutes a knowing, malicious, willful and wanton violation of the ADA for which Plaintiff is entitled to an award of punitive damages.

## THIRD CLAIM FOR RELIEF
### (Discrimination in Violation of the NYSHRL)

34. Plaintiff hereby repeats and realleges each and every allegation in paragraphs 1 through 33, inclusive, as if fully set forth herein.

35. Defendants discriminated against Plaintiff because of his disability and/or because they regarded him as disabled and/or because Plaintiff had a record of disability, in violation of the NYSHRL, by denying him equal terms and conditions of employment, including, but not limited to, demoting him, reducing his salary, and terminating his employment.

36. As a direct and proximate result of the unlawful discriminatory conduct in violation of the NYSHRL, Plaintiff has suffered and continues to suffer monetary and/or other economic harm for which he is entitled to an award of monetary damages and other relief.

37. As a direct and proximate result of the unlawful discriminatory conduct in violation of the NYSHRL, Plaintiff has suffered and continues to suffer severe mental anguish and emotional distress, including, but not limited to, depression, humiliation, embarrassment, stress and anxiety, loss of self-esteem and self-confidence, and emotional pain and suffering for which he is entitled to an award of monetary damages and other relief.

## FOURTH CLAIM FOR RELIEF
### (Retaliation in Violation of the NYSHRL)

38. Plaintiff hereby repeats and realleges each and every allegation in paragraphs 1 through 37, inclusive, as if fully set forth herein.

39. Defendants retaliated against Plaintiff in violation of the NYSHRL because he requested a reasonable accommodation, by demoting him, reducing his salary, and terminating his employment.

40. As a direct and proximate result of the unlawful retaliatory conduct in violation of the NYSHRL, Plaintiff has suffered and continues to suffer monetary and/or other economic harm for which he is entitled to an award of monetary damages and other relief.

41. As a direct and proximate result of the unlawful retaliatory conduct in violation of the NYSHRL, Plaintiff has suffered and continues to suffer severe mental anguish and emotional distress, including, but not limited to, depression, humiliation, embarrassment, stress and anxiety, loss of self-esteem and self-confidence, and emotional pain and suffering for which he is entitled to an award of monetary damages and other relief.

### FIFTH CLAIM FOR RELIEF
### (Aiding and Abetting Violations of NYSHRL)

42. Plaintiff hereby repeats and realleges each and every allegation in paragraphs 1 through 41, inclusive, as if fully set forth herein.

43. Yokoyama knowingly and/or recklessly aided and abetted in the unlawful discrimination and/or retaliation against Plaintiff in violation of the NYSHRL.

44. As a direct and proximate result of the unlawful discriminatory and/or retaliatory conduct in violation of the NYSHRL, Plaintiff has suffered and continues to suffer monetary and/or economic harm for which he is entitled to an award of monetary damages and other relief.

45. As a direct and proximate result of the unlawful discriminatory and/or retaliatory conduct in violation of the NYSHRL, Plaintiff has suffered and continues to suffer severe mental anguish and emotional distress, including, but not limited to, depression, humiliation, embarrassment, stress and anxiety, loss of self-esteem and self-confidence, and emotional pain and suffering for which he is entitled to an award of monetary damages and other relief.

## SIXTH CLAIM FOR RELIEF
### (Discrimination in Violation of the NYCHRL)

46. Plaintiff hereby repeats and realleges each and every allegation in paragraphs 1 through 45, inclusive, as if fully set forth herein.

47. Defendants discriminated against Plaintiff because of his disability and/or because they regarded him as disabled and/or because Plaintiff had a record of disability, in violation of the NYCHRL, by denying him equal terms and conditions of employment, including, but not limited to, demoting him, reducing his salary, and terminating his employment.

48. As a direct and proximate result of the unlawful discriminatory conduct in violation of the NYCHRL, Plaintiff has suffered and continues to suffer monetary and/or other economic harm for which he is entitled to an award of monetary damages and other relief.

49. As a direct and proximate result of the unlawful discriminatory conduct in violation of the NYCHRL, Plaintiff has suffered and continues to suffer severe mental anguish and emotional distress, including, but not limited to, depression, humiliation, embarrassment, stress and anxiety, loss of self-esteem and self-confidence, and emotional pain and suffering for which he is entitled to an award of monetary damages and other relief.

50. Defendants' unlawful discriminatory conduct constitutes a knowing, malicious, willful and wanton violation of the NYCHRL for which Plaintiff is entitled to an award of punitive damages.

## SEVENTH CLAIM FOR RELIEF
### (Retaliation in Violation of the NYCHRL)

51. Plaintiff hereby repeats and realleges each and every allegation in paragraphs 1 through 50, inclusive, as if fully set forth herein.

52. Defendants retaliated against Plaintiff in violation of the NYCHRL because he requested a reasonable accommodation, by demoting him, reducing his salary, and terminating his employment.

53. As a direct and proximate result of the unlawful retaliatory conduct in violation of the NYCHRL, Plaintiff has suffered and continues to suffer monetary and/or other economic harm for which he is entitled to an award of monetary damages and other relief.

54. As a direct and proximate result of the unlawful retaliatory conduct in violation of the NYCHRL, Plaintiff has suffered and continues to suffer severe mental anguish and emotional distress, including, but not limited to, depression, humiliation, embarrassment, stress and anxiety, loss of self-esteem and self-confidence, and emotional pain and suffering for which he is entitled to an award of monetary damages and other relief.

55. Defendants' unlawful retaliatory conduct constitutes a knowing, malicious, willful and wanton violation of the NYCHRL for which Plaintiff is entitled to an award of punitive damages.

### EIGHTH CLAIM FOR RELIEF
(Aiding and Abetting Violations of the NYCHRL)

56. Plaintiff hereby repeats and realleges each and every allegation in paragraphs 1 through 55, inclusive, as if fully set forth herein.

57. Yokoyama knowingly and/or recklessly aided and abetted in the unlawful discrimination and/or retaliation against Plaintiff in violation of the NYCHRL.

58. As a direct and proximate result of the unlawful discriminatory and/or retaliatory conduct in violation of the NYCHRL, Plaintiff has suffered and continues to suffer monetary and/or economic harm for which he is entitled to an award of monetary damages and other relief.

59.     As a direct and proximate result of the unlawful discriminatory and/or retaliatory conduct in violation of the NYCHRL, Plaintiff has suffered and continues to suffer severe mental anguish and emotional distress, including, but not limited to, depression, humiliation, embarrassment, stress and anxiety, loss of self-esteem and self-confidence, and emotional pain and suffering for which he is entitled to an award of monetary damages and other relief.

60.     Yokoyama's unlawful discriminatory and/or retaliatory conduct constitutes a willful, wanton, reckless and/or malicious violation of the NYCHRL entitling Plaintiff to an award of punitive damages.

## NINTH CLAIM FOR RELIEF
### (Interference with Rights in Violation of the FMLA)

61.     Plaintiff hereby repeats realleges each and every allegation in paragraphs 1 through 60, inclusive, as if fully set forth herein.

62.     At all times relevant herein, Plaintiff was an "eligible employee" within the meaning of the FMLA. At all times relevant herein, the Corporate Defendants were and are "covered employers" within the meaning of the FMLA.

63.     Defendants violated the FMLA by unlawfully interfering with, restraining, or denying the exercise of Plaintiff's rights by, *inter alia*, demoting him and reducing his salary approximately four days after he returned from FMLA leave, and by terminating him approximately eleven days after he returned from FMLA leave. The later action also prevented Plaintiff from taking further FMLA leave.

64.     As a direct and proximate result of the unlawful conduct in violation of the FMLA, Plaintiff has suffered and continues to suffer monetary and/or economic harm for which he is entitled to an award of monetary damages and other relief.

65. Defendants' unlawful conduct constitutes a willful, wanton, reckless and/or malicious violation of the FMLA entitling Plaintiff to an award of liquidated damages.

### TENTH CLAIM FOR RELIEF
(Retaliation in Violation of the FMLA)

66. Plaintiff hereby repeats and realleges each and every allegation in paragraphs 1 through 65, inclusive, as if fully set forth herein.

67. At all times relevant herein, Plaintiff was an "eligible employee" within the meaning of the FMLA. At all times relevant herein, Defendants were and are "covered employers" within the meaning of the FMLA.

68. Defendants violated the FMLA by retaliating against Plaintiff for exercising his statutorily protected rights by, *inter alia*, demoting him and reducing his salary approximately four days after he returned from FMLA leave, and by terminating him approximately eleven days after he returned from FMLA leave.

69. As a direct and proximate result of the unlawful conduct in violation of the FMLA, Plaintiff has suffered and continues to suffer monetary and/or economic harm for which he is entitled to an award of monetary damages and other relief.

70. Defendants' unlawful conduct constitutes a willful, wanton, reckless and/or malicious violation of the FMLA entitling Plaintiff to an award of liquidated damages.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays that the Court enter judgment in his favor and against Defendants, containing the following relief:

A. A declaratory judgment that the actions, conduct and practices of Defendants complained of herein violate the laws of the United States and the State and City of New York;

B. An injunction and order permanently restraining Defendants from engaging in such unlawful conduct;

C. An award of damages in an amount to be determined at trial, plus prejudgment interest, to compensate Plaintiff for all monetary and/or economic harm;

D. An award of damages in an amount to be determined at trial, plus prejudgment interest, to compensate Plaintiff for harm to his professional and personal reputations and loss of career fulfillment;

E. An award of damages in an amount to be determined at trial, plus prejudgment interest, to compensate Plaintiff for all non-monetary and/or compensatory harm, including but not limited to, compensation for his mental anguish, humiliation, embarrassment, stress and anxiety, emotional pain and suffering, and emotional distress;

F. An award of damages for any and all other monetary and/or non-monetary losses suffered by Plaintiff, in an amount to be determined at trial, plus prejudgment interest;

G. An award of punitive and/or liquidated damages in an amount to be determined at trial;

H. An award of costs that Plaintiff has incurred in this action, as well as Plaintiff's reasonable attorneys' fees to the fullest extent permitted by law; and

I. Such other and further relief as the Court may deem just and proper.

## JURY DEMAND

Plaintiff hereby demands a trial by jury on all issues of fact and damages stated herein.

Dated: December 5, 2011
New York, New York

                                      Respectfully submitted,

                                      **THOMPSON WIGDOR LLP**

                                      By: _____
                                           Douglas H. Wigdor

                                      85 Fifth Avenue
                                      New York, New York 10003
                                      Telephone: (212) 257-6800
                                      Facsimile: (212) 257-6845
                                      dwigdor@thompsonwigdor.com

                                      Counsel for Plaintiff