UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------x
NORIYUKI KOBAYASHI,　　　　　　　　　　　　　　　:
　　　　　　　　　　　　　　　　　　　　　　　　　　:　　No. 11 Civ. 8865 (PAC)
　　　　　　　　　　Plaintiff,　　　　　　　　　　　　:
　　　　　　　　　　　　　　　　　　　　　　　　　　:
　　　　　　　　　　v.　　　　　　　　　　　　　　　 :
　　　　　　　　　　　　　　　　　　　　　　　　　　:
FOOD SCOPE NY, LLC, FOOD SCOPE　　　　　　　　:
AMERICA, INC., and KOICHI YOKOYAMA　　　　　　:
in his official and individual capacities,　　　　　　　 :
　　　　　　　　　　　　　　　　　　　　　　　　　　:
　　　　　　　　　　Defendants.　　　　　　　　　　　:
------------------------------------------------------------------x

## MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S MOTION FOR SUBSTITUTION

THOMPSON WIGDOR LLP

85 Fifth Avenue
New York, New York 10003
Phone: (212) 257-6800
Facsimile: (212) 257-6845

Attorneys for Plaintiff

# TABLE OF CONTENTS

TABLE OF AUTHORITIES ................................................................................................ ii

STATEMENT OF FACTS ...................................................................................................1

ARGUMENT.........................................................................................................................2

    I.    THIS COURT SHOULD GRANT PLAINTIFF'S MOTION TO SUBSTITUTE RACHAEL GREENFIELD, ON BEHALF OF HER MINOR SON, IN PLACE OF NORIYUKI KOBAYASHI AS THE PLAINTIFF IN THIS MATTER PURSUANT TO FED. R. CIV. P. 25(a)(1) .............2

CONCLUSION......................................................................................................................5

# TABLE OF AUTHORITIES

**CASES**

Allen ex rel. Allen v. Devine,
  No. 09-CV-668, 10-CV-1319 (ADS)(ETB), 2011 WL 5117619
  (E.D.N.Y. Oct. 25, 2011)..................................................................................................4

Asklar v. Honeywell, Inc.,
  95 F.R.D. 419 (D. Conn. 1982)........................................................................................3

Garcia v. City of New York,
  No. 08-CV-2152 (RRM)(MDG), 2009 WL 261365 (E.D.N.Y. Feb. 4, 2009)...................4

Graham v. Henderson,
  224 F.R.D. 59 (N.D.N.Y. 2004)........................................................................................4

Hawes v. Johnson & Johnson,
  940 F. Supp. 697 (D.N.J. 1996).......................................................................................3

Hilsabeck v. Lane Co., Inc.,
  168 F.R.D. 313 (D. Kan. 1993).........................................................................................3

Huggard v. United Performance Metals, Inc.,
  No. 1:10-CV-63, 2011 WL 6817770 (S.D. Ohio. Dec. 28, 2011).....................................3

In re Baycol Products Litigation,
  616 F.3d 778 (8th Cir. 2010)............................................................................................2

Kernisant v. City of New York,
  225 F.R.D. 422 (E.D.N.Y. 2005)......................................................................................3

Lungu v. New Island Hospital/St. Joseph Hosp.,
  No. 11-CV-0755 (SJF)(GRB), 2012 WL 2050205 (E.D.N.Y. June 4, 2012)...............3, 4

Meyers v. County of Los Angeles,
  No. 10-CV-5225 DMG (AJW), 2011 WL 7164461 (C.D. Cal. Dec. 19, 2011)...............3

Natale v. Country Ford Ltd.,
  No. 10-CV-4128 (ADS)(GRB), 2012 WL 4788404 (E.D.N.Y. Oct. 6, 2012).................2

Pokorney v. Miami Valley Career Technology Center,
  No. C-3-94-247, 1997 WL 1764769 (S.D. Ohio Mar. 31, 1997)......................................3

Wilcox v. Ozmint,
  No. 9:11-2073 (RMG)(BM), 2012 WL 1416520 (D.S.C. Apr. 3, 2012).........................2

**STATUTES AND OTHER AUTHORITIES**

29 U.S.C. §§ 2601 ............................................................................................................. 1, 3

42 U.S.C. §§ 12101 ........................................................................................................... 1, 3

Fed. R. Civ. P. 5.2 ................................................................................................................ 1

Fed. R. Civ. P. 6 .................................................................................................................... 3

Fed. R. Civ. P. 25 .................................................................................................................. 2

N.Y. E.P.T.L. §1-2.5 ............................................................................................................. 4

N.Y. E.P.T.L. §4-1.1 ............................................................................................................. 4

N.Y. S.C.P.A. §103(14) ........................................................................................................ 4

New York Administrative Code §§ 8-101 .......................................................................... 1

New York State Human Rights Law ................................................................................... 1

New York Executive Law §§ 290 *et seq.* ........................................................................... 1

## STATEMENT OF FACTS

On September 8, 1996, Plaintiff Noriyuki Kobayashi ("Plaintiff") and Ms. Rachael Greenfield were married. (Greenfield Dec. ¶2). On March 3, 1999, Plaintiff and Ms. Greenfield had a son - WYCKG.[1] (Greenfield Dec. ¶3). On or about July 30, 2002, Plaintiff and Ms. Greenfield divorced, and Ms. Greenfield retained primary custody over WYCKG. (Greenfield Dec. ¶¶ 4-5).

Plaintiff, who began working for Defendants in New York as a Sushi Chef in or around March 2006, was diagnosed with appendix cancer in or around April 2011. (Datoo Dec. Ex. 1, ¶¶ 7, 12). After informing Defendants of his diagnosis in mid-April 2011, Plaintiff was demoted, his salary was reduced, and he was eventually terminated in May 2011. (Datoo Dec. Ex. 1, ¶¶ 18-20-21).

On December 5, 2011, Plaintiff commenced this action against Defendants and asserted discrimination and retaliation claims under the Americans with Disabilities Act, as amended, 42 U.S.C. §§ 12101 *et seq.* ("ADA"), the New York State Human Rights Law, New York Executive Law §§ 290 *et seq.* ("NYSHRL") and the New York City Human Rights Law, New York Administrative Code §§ 8-101 *et seq.* ("NYCHRL"). (Datoo Dec. Ex. 1). Specifically, Plaintiff alleged that the aforementioned adverse actions were taken against him because of his disability and because he requested a reasonable accommodation for his disability. (Datoo Dec. Ex. 1). He also asserted interference and retaliation claims under the Family Medical Leave Act, 29 U.S.C. §§ 2601 *et seq.* ("FMLA"). (Datoo Dec. Ex. 1). Specifically, Plaintiff alleged that Defendants interfered with his rights under the FMLA and retaliated against him for exercising his rights under same. (Datoo Dec. Ex. 1).

---

[1] Pursuant to Fed. R. Civ. P. 5.2(a)(3), the minor son of Plaintiff and Ms. Greenfield will be identified only by his initials "WYCKG."

1

Sadly, on July 25, 2012, Plaintiff died. (Greenfield Dec. ¶6). At the time of his death, it is believed that: (i) Plaintiff did not have a will; (ii) Plaintiff's only son is WYCKG; (iii) Plaintiff did not remarry; and (iv) Plaintiff's property consisted only of personal belongings that were subsequently distributed to WYCKG. (Greenfield Dec.¶¶ 7, 9). It is also believed that no court appointed an executor or administrator of Plaintiff's estate. (Greenfield Dec. ¶8).

As a result of Plaintiff's death, Plaintiff moves to substitute in his place Ms. Greenfield, on behalf of her minor son as his parent and natural guardian, as the plaintiff in this action.

## ARGUMENT

### THIS COURT SHOULD GRANT PLAINTIFF'S MOTION TO SUBSTITTUTE RACHAEL GREENFIELD, ON BEHALF OF HER MINOR SON, IN PLACE OF NORIYUKI KOBYASHI AS THE PLAINTIFF IN THIS MATTER PURSUANT TO FED. R. CIV. P. 25(a)(1)

Motions to substitute pursuant to Fed. R. Civ. P. 25 should be freely granted. See Natale v. Country Ford Ltd., No. 10-CV-4128 (ADS)(GRB), 2012 WL 4788404, at *2 (E.D.N.Y. Oct. 6, 2012) (citing Fed. R. Civ. P. 25, advisory committee notes of 1963); Wilcox v. Ozmint, No. 9:11-2073 (RMG)(BM), 2012 WL 1416520, at *1 (D.S.C. Apr. 3, 2012); In re Baycol Products Litigation, 616 F.3d 778, 783 (8th Cir. 2010). Fed. R. Civ. P. 25(a)(1) reads as follows:

> If a party dies and the claim is not extinguished, the court may order substitution of the proper party. A motion for substitution may be made by any party or by the decedent's successor or representative. If the motion is not made within 90 days after the service of a statement noting the death, the action by or against the decedent must be dismissed.

The conditions for substitution under Fed. R. Civ. P. 25(a)(1) have been met in this case. First, Plaintiff's motion for substitution is timely. Rule 25(a)(1) provides for a 90-day period from the statement noting the death of a party for a motion for substitution to be made. Here, the Statement Noting Death of Plaintiff was served by Defendants on July 30, 2012. (Datoo Dec. Ex. 2). However, on October 24, 2012, Plaintiff was granted a 30-day extension of the 90-day

deadline to file a motion for substitution. (Datoo Dec. Ex. 3).[2] Accordingly, Plaintiff's motion for substitution, which will be electronically filed and served on November 28, 2012, is timely.

Second, the claims asserted by Plaintiff in this action have not been extinguished by his death. Plaintiff asserted discrimination and retaliation claims under the ADA, the NYSHRL and the NYCHRL, and interference and retaliation claims under the FMLA. (Datoo Dec. Ex. 1). Courts have held that employment discrimination and retaliation claims survive the death of a plaintiff. See, e.g., Lungu v. New Island Hospital/St. Joseph Hosp., No. 11-CV-0755 (SJF)(GRB), 2012 WL 2050205, at *5 (E.D.N.Y. June 4, 2012) (the plaintiff's discrimination and retaliation claims under Title VII survived his death); Meyers v. County of Los Angeles, No. 10-CV-5225 DMG (AJW), 2011 WL 7164461, at *2 (C.D. Cal. Dec. 19, 2011) (ADA claims for monetary relief survive a plaintiff's death); Huggard v. United Performance Metals, Inc., No. 1:10-CV-63, 2011 WL 6817770, at *2-3 (S.D. Ohio. Dec. 28, 2011) (holding that the plaintiff's disability discrimination and retaliation claims under the Ohio Revised Code survived his death); Pokorney v. Miami Valley Career Technology Center, No. C-3-94-247, 1997 WL 1764769, at *6 (S.D. Ohio Mar. 31, 1997) (holding that the plaintiff's ADA claim survived her death); Hawes v. Johnson & Johnson, 940 F. Supp. 697, 701 (D.N.J. 1996) (holding that the plaintiff's discrimination action under the New Jersey Law Against Discrimination survived his death); Hilsabeck v. Lane Co., Inc., 168 F.R.D. 313, 314-15 (D. Kan. 1993) (holding that the plaintiff's wrongful and retaliatory discharge claims under the Kansas Act Against Discrimination survived his death); Asklar v. Honeywell, Inc., 95 F.R.D. 419, 424 (D. Conn. 1982) (holding that the

---

[2] Courts are authorized to extend the time in which to file a motion for substitution before the expiration of the 90-day period pursuant to Fed. R. Civ. P. 6(b)(1)(A). See Kernisant v. City of New York, 225 F.R.D. 422, 427 (E.D.N.Y. 2005).

3

plaintiff's ADEA discrimination claim survived his death). Accordingly, Plaintiff's claims survived his death.

Third, Plaintiff's minor son, WYCKG, is a "proper party" for substitution. A "proper party" for substitution under Rule 25(a)(1) is "either (1) a successor of the deceased party – a distributee of an estate if the estate of the deceased has been distributed at the time the motion for substitution has been made, or (2) a representative of the deceased party – a person lawfully designated by state authority to represent the deceased's estate." Allen ex rel. Allen v. Devine, No. 09-CV-668, 10-CV-1319 (ADS)(ETB), 2011 WL 5117619, at *4 (E.D.N.Y. Oct. 25, 2011). "Whether a person is a proper 'successor or representative' of the decedent is determined by New York law." Lungu, 2012 WL 2050205, at *5 (quoting Garcia v. City of New York, No. 08-CV-2152 (RRM)(MDG), 2009 WL 261365 at *1 (E.D.N.Y. Feb. 4, 2009)); see also Graham v. Henderson, 224 F.R.D. 59, 64 (N.D.N.Y. 2004) ("The law of the forum state determines the capacity of the parties to sue and be sued . . . .").

New York law defines a "distributee" as "a person entitled to take or share in the property of the decedent under the statutes governing descent and distribution." N.Y. E.P.T.L. §1-2.5; see also N.Y. S.C.P.A. §103(14). Section 4-1.1 of the N.Y. E.P.T.L. governs descent and distribution of a decedent's estate in New York. See Lungu, 2012 WL 2050205, at *6. Section 4-1.1 provides, in relevant part, that "[t]he property of a decedent not disposed of by will shall be distributed . . . the whole to the issue, by representation," where the decedent is survived by issue and no spouse. N.Y. E.P.T.L. §4-1.1(a)(3).

In this case, Plaintiff died without a will, and after his death, no court appointed an executor or administrator for his estate. (Greenfield Dec. ¶¶ 7-8). At the time of his death, Plaintiff was not married and is survived by issue, WYCKG. (Greenfield Dec. ¶¶ 2-4, 7).

4

Moreover, Plaintiff's property, which consists of only personal belongings, has already been distributed to WYCKG. (Greenfield Dec. ¶9). Accordingly, under New York law, Plaintiff's minor son, WYCKG, is a distributee of Plaintiff's estate and, through his parent and natural guardian Rachael Greenfield, is a "proper party" for substitution as Plaintiff's successor.

## CONCLUSION

For these reasons, Plaintiff respectfully requests that this Court grant his motion for substitution.

Dated: New York, New York
       November 28, 2012

Respectfully submitted,

THOMPSON WIGDOR LLP

By: _____
Douglas H. Wigdor
Shaffin A. Datoo

85 Fifth Avenue
New York, NY 10003
Telephone: (212) 257-6800
Facsimile: (212) 257-6845
dwigdor@thompsonwigdor.com
sdatoo@thompsonwigdor.com

Attorneys for Plaintiff