UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------x
NORIYUKI KOBAYASHI,

       Plaintiff,  :  11 Civ. 8865 (PAC)

 - against -

              ORDER

FOOD SCOPE NY, LLC, FOOD SCOPE
AMERICA, INC., and KOICHI YOKOYAMA
in his official and individual capacities,

       Defendants.
------------------------------------x

HONORABLE PAUL A. CROTTY, United States District Judge:

  Plaintiff Kobayashi instituted this action on December 5, 2011 against the defendants, his employer, for alleged violations of the Americans with Disabilities Act, and New York State and New York City Human Rights Law, as well as alleged violations of the Family and Medical Leave Act. Plaintiff, a Japanese national, died in Japan on July 25, 2012. Five days later, on July 30, 2012, defendants filed a Notice, "Noting Death of Plaintiff."

  Fed. R. Civ. P. 25(a)(1) provides for substitution of a "proper party" for the decedent. The motion to substitute must be made "within 90 days after service of a statement noting the death"; failure to do so results in the decedent's action being dismissed.

  Ninety days from July 30, 2012 is October 28, 2012 (90 Day Count: July (1 day); August (31 days), September (30 days); October (28 days)). On October 24, 2012, counsel for plaintiff sought a 30 day extension of time, pursuant to Fed. R. Civ. P. 6(b)(1)(A), to file a motion for substitution. The Court granted the extension of 30 days from October 28, 2012 (30 Day Count: October (3 days); November (27 days). Plaintiff's substitution motion was due on November 27, 2012, but was filed one day late on November 28, 2012.

1

While the Court would have granted a further extension, plaintiff did not seek one. Applications for extensions should be freely granted, but the Court is unwilling to do so <u>sua sponte</u>. The Court will grant such extension, if the plaintiff can show error in the Court's calculation of time; or its own "excusable neglect" for failing to file the motion on time. See Fed. R. Civ. P. 6(b)(1)(B).

Accordingly, the motion to substitute is denied, without prejudice to its renewal upon an appropriate showing of how the substitution motion was timely, or "excusable neglect," in failing to timely make the substitution motion.

Since the substitution motion may be refiled, the Court adds the following comments which must be addressed in any renewed motion. The unsworn declaration made under penalty of perjury by Rachael Greenfield in its present form fails to support the application to substitute her as a party to this action as guardian for the decedent's only son, a minor.

First of all, it does not specify where she signed the declaration or where she currently lives. We know only—and this from the form of her declaration—that it was executed somewhere in the "United States, its territories, possessions or commonwealths." More specificity is required.

With regard to Ms. Greenfield's representations, there is no documentary proof, even though official records might support many of the claims:

    Marriage License of decedent and Ms. Greenfield (Greenfield, ¶ 2).
    Birth Certificate of minor child showing parents' identities (Greenfield, ¶ 3).
    Divorce Decree of decedent and Ms. Greenfield (Greenfield, ¶ 4).
    Custody Order for minor child (Greenfield, ¶ 5).

Other representations are far too conclusory and need further proof: decedent "did not have a will, had only one son . . . and did not remarry." (Greenfield, ¶ 7). Also, a further

explanation for the statement that the decedent's "property consisted only of personal belongings. Those belongings have already been dispersed to" the minor child. (Greenfield, ¶ 9). This assertion raises, at least, the following questions: what was the personal property, who gave the property to the minor, who authorized the transfer, is there any evidence of this transfer?

Plaintiff's counsel assumes that the law of New York applies. While the law of the forum—New York—applies, that does not mean that New York would choose New York law as applicable to the decedent "who was born in Japan and was a Japanese citizen, [and] died (intestate) in Japan after he returned home from the United States in January, 2012" (about 6-3/4 months before his death). (Greenfield, ¶ 6). In these circumstances, the New York forum might well choose Japanese law as controlling the issue of who now owns decedent's property or claims. New York law might select Oregon law, if the minor child still lives where he is said to have been born. It is difficult to answer these questions because the Greenfield affidavit does not specify where either the declarant or the minor child resides.

While the Court is willing to consider a revised motion for substitution, the affidavit in support of the substitution must be accompanied by an affidavit or declaration with hard, supportable facts and official records, demonstrating why Ms. Greenfield should be substituted as a proper party to this action as a guardian for the decedent's minor son. The motion to substitute should also address the choice of law questions, as it is not clear at this stage why New York law should control the estate of a Japanese citizen who died intestate in Japan.

Dated: New York, New York
      May 1, 2013

SO ORDERED

_____
PAUL A. CROTTY
United States District Judge

3