| | |
|---|---|
| **MS🅴K** | **USDC SDNY**<br>**DOCUMENT**<br>**ELECTRONICALLY FILED**<br>**DOC #:**<br>**DATE FILED: 5-6-13** |

**MITCHELL SILBERBERG & KNUPP LLP**

A LAW PARTNERSHIP INCLUDING PROFESSIONAL CORPORATIONS

Gerald T. Hathaway
(917) 546-7706 Phone
(917) 546-7676 Fax
gth@msk.com

*May 6, 2013*

*In light of this exchange of correspondence between the parties, and treating the plaintiff's letter of May 2 as a renewed motion to substitute the [court finds], and will*

May 2, 2013

**VIA E-MAIL ONLY**     (MARLON_OVALLES@NYSD.USCOURTS.GOV & *the defendants' agreement,* the Court
CROTTYNYSDCHAMBERS@NYSD.USCOURTS.GOV) *finds the consideration of the*

*the [?] substitution on November 28, 2012, so that the motion was timely made. Further the Court grants the plaintiff's request to*

Hon. Paul A. Crotty
United States District Judge     *a 90 day allowance to Monday, August 5, 2013 to submit*
Daniel Patrick Moynihan     *additional materials in support of the motion for substitution.*
United States Courthouse     *[So ordered]*
500 Pearl St.
New York, NY 10007-1312

*Paul A Crotty*
*USDJ*

**Re:**     Kobayashi v. Food Scope NY, LLC et al., 11 Civ. 8865 (PAC)

Dear Judge Crotty:

We write in connection with the Order of this Court dated May 1, 2013. There are two parts to the Order: The first part addresses the timing of the filing of the motion for substitution of the party plaintiff, and the second part addresses the merits of the motion itself. In the Order, this Court allowed plaintiff's counsel to refile a motion to substitute the party plaintiff only if plaintiff's counsel could demonstrate either that the time for filing was miscalculated by the Court (and defendants), or that there was "excusable neglect" for the filing of the motion one day late.

Counsel for plaintiff and counsel for defendants today had a discussion as to how counsel for plaintiff interpreted this Court's October 24, 2012 endorsement of the request of plaintiff's counsel (dated October 23, 2012) for a 30 day extension of time to file an anticipated motion for substitution. Based on that conversation, defendants hereby advise the Court that defendants will not oppose plaintiff's refiling a motion for substitution of the party plaintiff for the Court's consideration on the merits. The reason for defendants' position is that plaintiff's counsel has explained plaintiff's reason for the date of filing. The original 90 day filing deadline imposed by Fed. R. Civ. P. 25(a)(1) ended on October 28, 2012, which was a Sunday. By operation of law, that due date became October 29, 2012, which is the due date recited in the October 23, 2012 request for an extension of 30 days.

Defendants had read the order extending the filing deadline as being a thirty day enlargement of the original 90 day filing deadline, but acknowledges that plaintiff could fairly have read the October 24 endorsement as being a 30 day extension from Monday, October 29, and if that is the case, the motion was timely filed. Even if defendants are correct in our reading of the extension,

**MEMO ENDORSED**

# MITCHELL SILBERBERG & KNUPP LLP

Hon. Paul A. Crotty
May 2, 2013
Page 2

defendants concede that if the choice of the date of filing was neglectful, the neglect was excusable. Either way, defendants concede that plaintiff's counsel should not have the burden of proving to the Court's satisfaction that the original filing due date was miscalculated, or if not miscalculated, that the late filing was the consequence of excusable neglect.

Plaintiff's counsel has advised defendants that he is seeking a 90-day period in which to refile the motion for substitution of the party plaintiff. Defendants do not oppose this request.

Very truly yours,


*/s/ Gerald T. Hathaway*
Gerald T. Hathaway
Partner of
MITCHELL SILBERBERG & KNUPP LLP

GTH/qjc

cc:     Michael J. Willemin *(via email)*