

## Thompson Wigdor LLP ATTORNEYS AND COUNSELORS AT LAW

85 Fifth Avenue
New York, NY 10003
Tel 212.257.6800
Fax 212.257.6845
www.thompsonwigdor.com

**Douglas H. Wigdor**
dwigdor@thompsonwigdor.com

May 2, 2013



USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 5-6-13

**VIA EMAIL**

Honorable Paul A. Crotty
United States District Court
Southern District of New York
500 Pearl Street
New York, NY 10007

    Re:   *Kobayashi v. Food Scope NY, LLC, et al.*
           11 Civ. 8865 (PAC)

Dear Judge Crotty:

We represent the late Noriyuki Kobayashi, Plaintiff in the above-referenced matter, and write in connection with Your Honor's May 1, 2013 Order (the "Order") denying, without prejudice, Plaintiff's motion to substitute Rachael Greenfield, on behalf of her minor son, as Plaintiff in this matter (the "Motion."). See Dkt. No. 22. In the Order, which as a threshold matter denied the Motion on the basis of the Court's (and Defendants') belief that the Motion was filed a day late, the Court stated that a renewed motion would be permitted if Plaintiff could demonstrate that the time for filing was miscalculated by the Court (and Defendants).

In the Order, Your Honor held that the deadline to file the Motion was November 27, 2012, as was argued by Defendants in their opposition to the Motion, and that the Motion was untimely because it was filed on November 28, 2012. The November 27, 2012 deadline was calculated by the Court on the basis that:

    (1) Defendants filed a notice "Noting Death of Plaintiff" on <u>July 30, 2012</u>;

    (2) Plaintiff was subject to a 90-day deadline (pursuant to Fed. R. Civ. P. 25(a)(1)) to file a motion for substitution of a "proper party," which fell on <u>October 28, 2012</u>; and

Thompson Wigdor LLP ATTORNEYS AND COUNSELORS AT LAW

Honorable Paul A. Crotty
May 2, 2013
Page 2

    (3) The deadline to file the Motion was then extended to November 27, 2012 based on the Court's granting of Plaintiff's request for a 30-day extension to file the motion.

See Dkt. No. 22 at 1.

However, October 28, 2012 was not the initial deadline for the filing of the Motion, as October 28, 2012 was a Sunday. Pursuant to FRCP 6(a)(1)(C), when computing any time period specified in the Federal Rules of Civil Procedure and measured in days, "if the last day is a ... Sunday ... the period continues to run until the end of the next day that is not a Saturday, Sunday, or legal holiday." FRCP 6(a)(1)(C). As such, the initial deadline was October 29, 2012 and the 30-day extension granted by the Court (See Dkt. No. 14 (So-Ordered 30-day extension request that explicitly references October 29, 2012 as the initial deadline)) set the Motion deadline for November 28, 2012. Therefore, the Motion, filed on November 28, 2012, was timely and Plaintiff respectfully requests permission to refile a motion for substitution.

With respect to the remaining issues that Your Honor raised in the Order regarding additional information Plaintiff must provide in support of any renewed motion for substitution, Plaintiff respectfully requests that the Court grant Plaintiff 90-days from the date of this letter, (or July 31, 2013) to submit a renewed motion for substitution. This time is necessary given the logistical difficulty we foresee in gathering and collecting many of the documents and other information identified by the Court, as many of these documents and/or the individuals in possession, custody or control of pertinent information are in Japan and/or states outside of New York. Defendants consent to the 90-day period.

We thank the Court for its time and consideration and apologize for any confusion.

Respectfully submitted,

Douglas H. Wigdor

cc: Gerald T. Hathaway, Esq. (via email)